IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREENLIGHT CAPITAL, LP, GREENLIGHT CAPITAL QUALIFIED, LP, GREENLIGHT CAPITAL (GOLD), LP, GREENLIGHT CAPITAL OFFSHORE PARTNERS, and GREENLIGHT CAPITAL OFFSHORE MASTER (GOLD), LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE, INC.,<br><br>Defendant. | No. 13 Civ. 900 (RJS) |

**REPLY DECLARATION OF DAVID EINHORN IN SUPPORT OF THE GREENLIGHT ENTITIES' MOTION FOR PRELIMINARY INJUNCTION**

I, David Einhorn, declare as follows:

1. I am the president of Greenlight Capital, Inc. ("Greenlight Capital") and the portfolio manager of the Plaintiffs Greenlight Capital, LP, Greenlight Capital Qualified, LP, Greenlight Capital (Gold), LP, Greenlight Capital Offshore Partners, and Greenlight Capital Offshore Master (Gold), Ltd. (collectively, the "Greenlight Entities"). I make this declaration based on my own personal knowledge, information and belief. I submit this declaration in support of the Greenlight Entities' Motion for Preliminary Injunction. I previously submitted a declaration in connection with the Greenlight Entities' opening motion papers, and I am submitting this declaration in reply to the opposition papers submitted by Apple, Inc ("Apple").

2. I co-founded Greenlight Capital in 1996 and have been responsible for making investment decisions for the Greenlight Entities since Greenlight Capital's inception. As the

portfolio manager of the Greenlight Entities, I have worked with my investment team to conduct extensive research and analysis of Apple.

3. Under Apple's articles of incorporation, Apple's board of directors currently has the power to issue preferred stock. But as discussed in greater length in the papers submitted in connection with this dispute, Apple has proposed amending its articles of incorporation to eliminate this power (the "Preferred Stock Amendment").

4. In its opposition papers, Apple contends that the Preferred Stock Amendment is "pro-shareholder." I disagree. First, I believe it is up to the shareholders, not Apple, to determine whether a proposed amendment is "pro-shareholder" and to do so by voting on the amendment separate from other items.

5. Second, in my experience, the primary reason to eliminate the power to issue "blank check" preferred stock is because a board can use it to defend against a takeover. In fact, the support for the Preferred Stock Amendment of both proxy advisory services that Apple cites in its opposition papers— Institutional Shareholder Services (ISS) and Glass, Lewis & Co.—is premised on this concern.

6. I do not believe that this concern applies with respect to Apple. In my view, Apple is not a realistic take-over candidate because of, among other things, its enormous market capitalization. Thus, the elimination of "blank check" preferred stock altogether from Apple's charter is not beneficial to shareholders and in fact confers a disadvantage by unnecessarily reducing the Apple board's flexibility to manage its capital structure in the best interest of all shareholders. In this suit, the Greenlight Entities are seeking vindication of the rights of all Apple shareholders to vote their views on that issue, separate from other matters that I support.

7. The Greenlight Entities have devoted significant time and resources to trying to convince fellow Apple investors to vote against the Preferred Stock Amendment. In addition to the internal time and resources devoted to this project, Greenlight has retained and has been working with legal counsel, a proxy solicitation firm, and a public relations firm to assist in its efforts.

8. Finally, I also take issue with Apple's claim that the Greenlight Entities "delayed" in challenging the proxy. The reason we did not protest immediately upon receiving Apple's proxy is because we did not expect there to be an issue in the proxy. It was not until January 31, 2013 that we became aware that the proxy materials violated the unbundling rules. Upon making this discovery, I promptly brought it to Apple's attention, and when Apple informed me that it would not unbundle its proxy on February 6, 2013, the Greenlight Entities filed suit the following day.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 15, 2013
New York, New York

_____
David Einhorn